UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 10-01106 DMG (DTBx) | Date | August 4, 2010 |
|---|---|---|---|

| Title | *Federal National Mortgage Association v. Yolanda G. De-Savineau* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**

On February 9, 2010, Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a complaint in Riverside County Superior Court against Defendant Yolanda G. De-Savineau and Doe defendants "I" through "X" for unlawful detainer and money damages. Fannie Mae seeks possession of real property and compensation for Plaintiff's use and occupancy of the property in the amount of $30 per day starting on February 1, 2010. Fannie Mae demands less than $10,000 in damages. (Notice of Removal, Ex. 3.)

Defendant removed this case to this Court on July 27, 2010 on the basis of federal question jurisdiction and Fannie Mae's relationship with the federal government.[1] The complaint raises no federal question. Although Defendant includes several causes of action against Plaintiff in an apparent counterclaim, federal jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009).

With respect to Fannie Mae's status as a federally-chartered bank, *see* 12 U.S.C. § 1723a, the governing statute does not confer federal subject matter jurisdiction on actions involving Fannie Mae, as does the statute governing Freddie Mac. *Compare* 12 U.S.C. § 1723a(a) (enabling Fannie Mae only "to sue and to be sued"), *with* 12 U.S.C. § 1452(f) (providing that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value"); *see also Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559 (S.D. W. Va. 2007) (holding that neither 12 U.S.C. § 1723a nor 28 U.S.C. § 1442(a)(1) confers subject matter jurisdiction on actions involving Fannie Mae); *cf. Am. Bankers*

---

[1] Defendant cites 12 U.S.C. § 1452(f), which applies to the Federal Home Loan Mortgage Corporation (Freddie Mac)—not Fannie Mae. Because Defendant is proceeding *pro se*, however, the Court construes her pleading liberally.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk ys |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 10-01106 DMG (DTBx)** | Date | August 4, 2010 |
| Title | *Federal National Mortgage Association v. Yolanda G. De-Savineau* | Page | 2 of 2 |

*Mortgage Corp. v. Fed. Home Loan Mortgage Corp.*, 75 F.3d 1401 (9th Cir. 1996) (examining prior version of 12 U.S.C. § 1452 and finding that Freddie Mac was not a government entity notwithstanding that the President selects approximately one-third of its board members).

Even if Fannie Mae's charter did confer federal subject matter jurisdiction on actions to which it is a party, *see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 788 (D.C. Cir. 2008), it appears that Defendant did not remove this action within 30 days after service of process. *See* 28 U.S.C. § 1446(b).

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** why this action should not be remanded to Riverside County Superior Court. Defendant shall file her response by **August 18, 2010**.

**IT IS SO ORDERED.**