UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>          Plaintiff,<br><br>     v.<br><br>YOLANDA G. DE-SAVINEAU,<br><br>          Defendant. | Case No. EDCV 10-01106 DMG (DTBx)<br><br>**ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT** |

On February 9, 2010, Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a complaint in Riverside County Superior Court against Defendant Yolanda G. De-Savineau and Doe defendants "I" through "X" for unlawful detainer and money damages. Fannie Mae seeks possession of real property and compensation for Plaintiff's use and occupancy of the property in the amount of $30 per day starting on February 1, 2010. Fannie Mae demands less than $10,000 in damages. (Notice of Removal, Ex. 3.)

Defendant removed this case to this Court on July 27, 2010 on the basis of federal question jurisdiction and Fannie Mae's relationship with the federal government.[1] On

---

[1] Defendant cites 12 U.S.C. § 1452(f), which applies to the Federal Home Loan Mortgage Corporation (Freddie Mac)—not Fannie Mae. Because Defendant is proceeding *pro se*, however, the Court construes her pleading liberally.

August 4, 2010, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded to state court for lack of jurisdiction. Defendant's response was due on August 18, 2010. Defendant has not yet filed a response.

The complaint raises no federal question. Although Defendant includes several causes of action against Plaintiff in an apparent counterclaim, federal jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). In addition, the amount in controversy does not meet the $75,000 minimum required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

With respect to Fannie Mae's status as a federally-chartered bank, *see* 12 U.S.C. § 1723a, the governing statute does not confer federal subject matter jurisdiction on actions involving Fannie Mae, as does the statute governing Freddie Mac. *Compare* 12 U.S.C. § 1723a(a) (enabling Fannie Mae only "to sue and to be sued"), *with* 12 U.S.C. § 1452(f) (providing that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value"); *see also Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559 (S.D. W. Va. 2007) (holding that neither 12 U.S.C. § 1723a nor 28 U.S.C. § 1442(a)(1) confers subject matter jurisdiction on actions involving Fannie Mae).

Even if Fannie Mae's charter did confer federal subject matter jurisdiction on actions to which it is a party, *see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 788 (D.C. Cir. 2008), Defendant did not timely remove this action. Fannie Mae mailed substituted service to Defendant on February 12, 2010, which became effective on February 22, 2010.[2] Defendant had 30 days, or until March

---

[2] The Court takes judicial notice of the Riverside County Superior Court docket in this case. According to Fannie Mae's proof of substituted service, filed March 9, 2010, Fannie Mae delivered a copy of the summons and complaint to Pierre De-Savineau at Defendant's address on February 11, 2010. Fannie Mae mailed another copy to Defendant the next day. Substituted service is deemed complete on the 10th day after mailing. Cal. Civ. Proc. Code § 415.20.

24, 2010, to file her notice of removal. *See* 28 U.S.C. § 1446(b). She did not do so until July 27, 2010. Accordingly, removal was improper and the Court lacks jurisdiction over this action.

In light of the foregoing, this action is hereby REMANDED to Riverside County Superior Court.

**IT IS SO ORDERED.**

DATED:     August 25, 2010

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE